```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA                         JUDGMENT INCLUDING SENTENCE
    -v-                                          UNDER THE SENTENCING REFORM ACT

                                                 CASE NUMBER: CR-04-624(FB)
Miguelina Ramirez,                               DENIS McALLISTER, ESQ.
           Defendant.                            350 OLD COUNTY ROAD, SUITE 101
------------------------------------------------x GARDEN CITY, NY 11530
                                                 Defendant's Attorney & Address
```

THE DEFENDANT: Miguelina Ramirez
  **XX**   was found guilty as to counts ONE AND TWO OF THE INDICTMENT.

  Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 U.S.C. 371 | CONSPIRACY TO COMMIT PASSPORT FRAUD | 1 |
| T. 8 U.S.C. 1324(a)(1)(A) | CONSPIRACY TO COMMIT ALIEN SMUGGLING | 2 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
  **XX**   It is ordered that the defendant shall pay to the United States a special assessment of $ 200.00
         which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

FEBRUARY 7, 2006
Date of Imposition of Sentence

Defendant's Mailing Address:
85-26 75 STREET

THE HONORABLE FREDERIC BLOCK
_February 8, 2006_
Date

WOODHAVEN, NY 11421

A TRUE COPY/ATTEST
Date: 2/9/06
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____
MIKE J. INNELLI
DEPUTY CLERK

Defendant: Miguelina Ramirez
Case Number: CR-04-624(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TWENTY-FOUR (24) MONTHS ON BOTH COUNTS ONE AND TWO OF THE INDICTMENT. THE SENTENCE IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF TWENTY-FOUR (24) MONTHS</u>

__ The Court makes the following recommendations to the Bureau of Prisons:

<u>XX</u> The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district,
    __ at ___ a.m./p.m. on _____.
    __ as notified by the Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    __ before 2:00 p.m. on _____.
    __ as notified by the United States Marshal.
    __ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:
_____
_____
_____
_____

The defendant was delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                                                                           **United States Marshal**

                                                                           By_____

Defendant: Miguelina Ramirez
Case Number: CR-04-624(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS WITH THE FOLLOWING SPECIAL CONDITIONS: (1) THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSES TO THE PROBATION DEPARTMENT, AND (2) THE DEFENDANT SHALL COMPLY WITH THE FINE ORDERED IN THIS JUDGMENT.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: Miguelina Ramirez
Case Number: CR-04-624(FB)

## FINE

The defendant shall pay a fine to the United States in the sum of $ 5,000.00. This fine shall be paid at the following rate: $1,000.00 by the end of her first year of supervised release, $2,000.00 by the end of her second year of supervised release; and $2,000.00 by the end of her third year of supervised release. The interest requirement is waived.

Defendant: Miguelina Ramirez
Case Number: CR-04-624(FB)

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.